## Imbody Construction Company v. Remaly

*Paul C. Hensel,* for plaintiff.

*Martin Cohen,* for defendants.

*Henry Newton,* for additional defendant.

GRIFO, J., June 12, 1972.—On October 8, 1971, after hearing testimony from plaintiff, the duly appointed board of arbitrators ruled, as a matter of law, that plaintiff, being the assignee of a trespass action, had no right to maintain it. No timely appeal was taken from this award.

On December 15, 1971, a rule issued on the petition of plaintiff against defendant and additional defendant to show cause why the judgment should not be opened and the matter referred to the arbitrators for a full hearing.

The basis of the petition is that the arbitrators made a mistake of law in dealing with the right of plaintiff to maintain, as an assignee, the action, and that the arbitrators erred in not hearing testimony from defendant, and deciding the matter on the facts rather than on the law.

On December 15, 1971, a rule issued on the petition of defendant and additional defendant, against plaintiff, to show cause why the petition to open the judgment should not be stricken. The petition requesting the rule alleges that the proper remedy was appeal and not a petition to open.

Without deciding the question of whether the arbitrators were, in fact, in error in holding as a matter of law that the right of action was not assignable, if it was error, then plaintiff cannot raise this issue by a petition to open, but was relegated to the appeal remedy.

The original proceedings are under the Act of June 16, 1836, P. L. 715, as amended, sec. 8.1, providing for compulsory submission by rule of court of all cases where the amount in controversy is $5,000 or less:

5 PS §30, and N.C.R. 199 of the Rules of Court of Northampton County. This statute provides that arbitrators shall decide questions of law and fact that may be involved in any matters submitted to them.

A study of the statute, and the court rules promulgated thereunder, reveals that there are no provisions for filing petitions to open the awards of the arbitrators, nor does the statute give the court the power to resubmit a case to the arbitrators for mistakes of fact or law, as is provided under the voluntary submission procedure, 5 PS §7: Baltimore Business Forms v. Medical Data Control, Inc., 52 D. & C. 2d, 325, 328. Therefore, under the Arbitration Act, the only remedy provided for errors of fact or of law committed by the arbitrators is by appeal.

Plaintiff argues that the arbitrators' action was, in effect, the entry of a compulsory nonsuit and that the arbitrators have no power to make such a ruling. There is no doubt that the case law of the Commonwealth clearly holds that the entry of a nonsuit is a power which arbitrators do not possess. There is no doubt that the effect of what the arbitrators did was the same as that resulting from a compulsory nonsuit. However, the error committed, if any, was one of law, and that kind of an error must be raised by appeal. The Arbitration Act provides that appeals must be taken within 20 days after the date of the entry of the award of arbitrators on the docket: Paragraph IV, Act of March 15, 1956, P. L. (1955) 1279, 5 PS §71(IV). This, plaintiff failed to do.

Accordingly, the court enters the following

## ORDER

And now, to wit, June 12, 1972, the rule to show cause why the petition to open judgment should not be stricken is made absolute.